Filed 6/12/29  P. v. Carlos CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER JONATHAN CARLOS,<br><br>    Defendant and Appellant. | 2d Crim. No. B343249<br>(Super. Ct. No. 22F-07691)<br>(San Luis Obispo County) |

Alexander Jonathan Carlos appeals from the judgment after a jury convicted him of possessing an inmate manufactured weapon while in custody (Pen. Code,[1] § 4502, subd. (a); count 1). The jury also found true that Carlos suffered four prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  He was sentenced to four years in state prison.

Carlos represented himself throughout the proceedings pursuant to *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

---

[1] Undesignated statutory references are to the Penal Code.

During his sentencing hearing, Carlos sought to revoke his *Faretta* waiver. He contends the trial court erred in denying his request. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

The People charged Carlos with possessing an inmate manufactured weapon while he was in custody at the California Men's Colony. Carlos was serving a sentence for prior convictions for robbery, attempted robbery, and battery with serious bodily injury.

In August 2023, Carlos elected to represent himself and completed a *Faretta* waiver form. Carlos represented himself at his preliminary hearing, superior court arraignment, and various pretrial hearings. He waived his right to a speedy trial, filed numerous motions, and represented himself during jury selection and jury trial.

The jury convicted Carlos of possessing a weapon while in custody (§ 4502, subd. (a); count 1). In a bifurcated trial, the jury found true that Carlos suffered four prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and found true two aggravating factors (Cal. Rules of Court, rule 4.421(a)(8), (b)(3)).

After continuing the sentencing hearing at Carlos's request, the trial court denied a motion to strike the priors pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court sentenced Carlos to four years in state prison (low term of two years doubled for strike).

## DISCUSSION

### *Revoking* Faretta *waiver*

Carlos contends the judgment must be reversed and remanded for a new sentencing hearing because he was denied

the right to counsel when he sought to revoke his *Faretta* waiver at sentencing.  We disagree.

Under the Sixth and Fourteenth Amendments to the federal Constitution, a criminal defendant possesses dual rights: the right to counsel and the right to self-representation.  (*Faretta, supra*, 422 U.S. at pp. 818–819).  But once a defendant knowingly and voluntarily waives their right to counsel, that right is no longer absolute.  (*People v. Gallego* (1990) 52 Cal.3d 115, 163–164 (*Gallego*).)  Thus, a defendant who later seeks to revoke their waiver must "articulate a compelling reason" for doing so. (*People v. Lawrence* (2009) 46 Cal.4th 186, 188 (*Lawrence*).)  Trial courts are given "broad discretion" over requests to revoke a *Faretta* waiver.  (*Id.* at p. 201.)

In exercising that discretion, trial courts should consider, among other factors: "(1) defendant's prior history in the substitution of counsel and the desire to change from self-representation to counsel-representation, (2) the reasons set forth for the request, (3) the length and stage of the trial proceedings, (4) disruption or delay which reasonably might be expected to ensue from the granting of such motion, and (5) the likelihood of defendant's effectiveness in defending against the charges if required to continue to act as his own attorney."  (*Gallego, supra*, 52 Cal.3d at p. 164; *People v. Elliott* (1977) 70 Cal.App.3d 984, 993–994.)  These criteria are " 'not absolutes' " and trial courts need not review each factor on the record.  (*Gallego*, at p. 164; *Lawrence, supra*, 46 Cal.4th at p. 196.)  Instead, courts must consider the " 'totality of the facts and circumstances.' "  (*Gallego*, at p. 164.)

Here, there was no abuse of discretion when the court denied Carlos's request to revoke his *Faretta* waiver based on the

totality of facts and circumstances. First, Carlos represented himself throughout the proceedings after he was held to answer. Notwithstanding the trial court's admonitions about the risk of self-representation, Carlos elected to represent himself. Second, Carlos gave no "compelling" reasons for revoking his waiver. Carlos sought to revoke his waiver only after the court denied the *Romero* motion during the middle of his sentencing hearing. Third, the sentencing hearing had been continued for approximately two months so that Carlos could collect records to support his *Romero* motion. And fourth, there was no likelihood that Carlos's continued self-representation would jeopardize his defense. "[G]iven the closeness in time of [Carlos's] four strike priors, and that [he was] serving a sentence connected to those and committed this crime" and "even if [it] wanted to," the trial court said it could not "find that [Carlos's] circumstances lie outside of the spirit of the three strikes scheme."

We acknowledge that additional delay resulting from another continuance would not, alone, necessarily justify denying Carlos's request to revoke his *Faretta* waiver. But the trial court here did not rely on that factor in isolation. The court considered the totality of facts and circumstances before it. (*Gallego, supra,* 52 Cal.3d at p. 164; *People v. Elliott, supra,* 70 Cal.App.3d at pp. 993–994.) Because there was no abuse of discretion, we need not consider whether any error was prejudicial. (*Lawrence, supra,* 46 Cal.4th at p. 196.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.


5

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.